IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARTER HEALTHCARE, INC., )<br>d/b/a CARTER HEALTHCARE AND )<br>HOSPICE, )<br>)<br>     Plaintiff, )<br>)<br>vs. )<br>)<br>KATHLEEN SEBELIUS, Secretary, )<br>U.S. Department of Health and Human )<br>Services, )<br>)<br>     Defendant. ) | Civil Action No. CIV-10-1081-C |

MEMORANDUM OPINION AND JUDGMENT

Plaintiff brought the present action challenging a regulation employed by Defendant in calculating payments due to it. In particular, Plaintiff challenged Defendant's reliance on 42 C.F.R. § 418.309(b). The undersigned has previously determined two other challenges to the relevant regulation, both times determining the regulation was invalid. The Tenth Circuit has also recognized that Defendant has now disavowed any further reliance on the regulation and is either in the process of, or has completed, its revision of the regulation.

Following the Circuit's ruling in Hospice of N.M., LLC v. Sebelius, 435 F. App'x 749 (10th Cir. 2011), Defendant filed the present motion seeking remand of the matter to the Agency for calculation under the revised regulation. Plaintiff objects to the remand, arguing that in the first instance the Court must enter a judgment on its request for relief before remand is proper.

After consideration of the parties' briefs, the Court finds that Plaintiff's arguments are well-taken. A judgment is appropriate in this matter. Therefore, for the reasons set forth by the Court in <u>Prairie View Hospice, LLC v. Kathleen Sebelius</u>, Case No. CIV-09-1234-C, and <u>Compassionate Care Hospice v. Kathleen Sebelius</u>, Case No. CIV-09-28-C, the Court finds that the regulation set forth at 42 C.F.R. § 418.309(b) is invalid. In reaching this decision, the Court also relies upon the Circuit's opinion in <u>Hospice of N.M., LLC</u>.

Accordingly, judgment is entered in favor of Plaintiff on its request for relief from the regulation. This matter is remanded to the Provider Resources Review Board for further consideration of Plaintiff's challenge to Defendant's determination of overpayment.

IT IS SO ORDERED this 15th day of March, 2012.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge